**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ROWELLA L. COOPER and**                                                                    **PLAINTIFFS**
**ASAHEL COOPER, III**

**VERSUS**                                      **CIVIL ACTION NO. 1:05cv77DMR-JMR**

**EASTERN SAVINGS BANK, FSB**                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION OF PLAINTIFFS TO REMAND**

BEFORE THE COURT is the Motion of the Plaintiffs, Rowella L. Cooper and Asahel Cooper III, to Remand [Doc. No. 2] pursuant to 28 U.S.C. § 1447( c). And the Court, having carefully considered said motion as well as the record before it and applicable case law, finds that the motion is well taken and should be granted.

**I. DISCUSSION**

Plaintiffs Rowella L. Cooper and Asahel Cooper, III (hereinafter "Plaintiffs") executed a Promissory Note in favor of Eastern Savings Bank, fsb (hereinafter "Defendant") dated July 11, 2003, in the amount of $650,000.00, secured by a Deed of Trust on certain real property located at 520 West Beach Boulevard, Pass Christian, Mississippi. The appraised value of the home subject to the foreclosure proceeding is $891,000.00. Plaintiffs are Mississippi residents. Defendant is a federally chartered savings bank with its principal place of business in the state of Maryland.

The Plaintiff submit in their motion that they defaulted on the loan in issue and the Defendant sought to foreclose on their home pursuant to the Deed of Trust; the foreclosure sale was set for January 27, 2005. *See* Exhibit "A" to Remand, Deed of Trust. On January 26, 2005, Plaintiffs filed a Petition for Temporary Restraining Order seeking to stay said foreclosure proceeding scheduled by the Defendant for January 27, 2005, and subsequently moved for a preliminary injunction. *See* Exhibit "B", Petition filed in the Harrison County Chancery Court in cause #05-00260(3) with preliminary hearing set for ten (10) days thereafter, February 4, 2005.

The Defendant submits that the Plaintiffs' Petition for Temporary Restraining Order asserted "the potential misapplication of the Plaintiffs' funds which could total nearly $100,000.00."  In Exhibit B to the Petition, Plaintiffs' counsel stated that:

> [a]t this preliminary stage of my review of this transaction, the potential erroneous charge coupled with the substantial misapplication of my clients' funds represent nearly $100,000.00 that could be owed to my clients.
> …
> [Eastern Savings Bank's] refusal to delay will only compound my clients [sic] injuries, injuries for which we will put before a jury for their determination as to what monetary award would make my clients whole and whether your clients' conduct was so egregious as to warrant the award of punitive damages.

The Defendants also submit that the Plaintiffs filed a memorandum with the Chancery Court in support of their motion for preliminary injunction.  A hearing was held on February 4, 2005, and the Defendant submit the Plaintiffs' memorandum asserts:

> a. The HUD 1A improperly "mischaracterized" an origination fee as a discount fee;
>
> b. "Federal disclosure laws require the timely and accurate disclosure of the application of the loan proceeds and it is the plaintiffs contention that the terms of the loan and the application of the loan proceeds were not properly disclosed." [sic]
>
> c. "Federal law limits how much of a balance a lender can maintain in a borrower's escrow account and the undersigned counsel believes that the defendant has exceeded the maximum balance allowed and the plaintiff is entitled to a refund of the over collected escrow account and a payment of an Aggregate Adjustment Credit"
>
> d. "[t]he questions raised in this matter are complex issues involving numerous federal and state statutes … ."
>
> e. "Furthermore, the defendant may be guilty of predatory lending practices.  While there is not a set definition for a predatory loan, it has been described in numerous legal sources.  The federal Home Ownership and Equity Protection Act (HOEPA) classifies mortgage loans with relatively high interest rates and fees as potentially predatory and imposes upon them a range of additional consumer protections."

During the Chancery Court hearing, Plaintiffs made the following arguments:

> If you look at the document I have marked Exhibit A … .  A yield spread premium is paid by a lender to a broker as an incentive for

>that broker to sell the borrower's higher interest rate, however it's a RESPA violation to both collect a discount fee and also paid a yield spread premium, because you can't both buy a rate down and sell a higher rate. That's a RESPA violation.
>
>Federal law requires that any lender that collects escrows from a borrower has to credit back a dollar amount.
>… but there was no aggregate adjustment credit included therein, another violation of a Federal section.
>
>And again, my point is that I want to remind the Court is that every document has a discrepancy, some of which are clear violations of Federal law and others which may be violations of Federal law …
>
>It is also prohibited by law. The Federal law, as I was stating earlier, limits escrows to two to three months maximum.

The Plaintiffs submit that on or about February 4, 2005, the Defendant filed an Answer in the State Court proceeding requesting affirmative relief of the State Court. *See* Exhibit "C" to Motion to Remand. Also on February 4, 2005, a hearing was held before the Chancery Court. *See* Exhibit D to Motion to Remand. In said hearing, the Plaintiffs submit that the Court extended the injunction for an additional ten (10) days during which the Plaintiffs were required to file a Complaint and a supporting brief and the Defendant was provided five days thereafter to file an Answer and opposing brief.

The Plaintiffs submit that the Defendant filed their Notice of Removal to this Court staying any further state court proceedings *before* the Plaintiffs filed a Complaint as ordered by the Chancery Court; the timeliness of the removal on February 9, 2005, pursuant to 28 U.S.C. §§1331 and 1332, is not in dispute.

## II. LEGAL ANALYSIS

The Defendant submits in its opposition to the Motion to Remand that there is federal question and diversity jurisdiction before the court to preclude a remand of this matter to state court. Firstly, the Defendant submits that in order to determine if a case is properly in a federal forum, the court must look to the "plaintiff's well-pleaded complaint" to see if it raises a federal question. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of

3

the plaintiff's properly pled complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendants bear the burden of establishing that federal jurisdiction actually exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).   Any ambiguity in the pleadings should be resolved in favor of remand.  *Greer v. MAJR Fin. Corp.*, 105 F. Supp.2d 583, 591 n. 6 (S.D. Miss. 2000).

Secondly, the Defendant submits that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, *i.e.*, that diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States; and, further, that there is no dispute that complete diversity of citizenship exists between the Plaintiffs who are residents of the state of Mississippi and the Defendant which is a federally chartered savings bank with its principal place of business in the state of Maryland.  A federally chartered savings bank localized to a jurisdiction is a citizen of that state for purposes of determining diversity of citizenship jurisdiction, in this case, the state of Maryland.  *See Loyola Federal Savings Bank v. Fickling*, 58 F.3d 603 (11th Cir. 1995).

The Court acknowledges from the transcript in the record and the briefs of the parties what the Chancery Court referred to as potential issues of federal law which might be presented and  what the Defendant cites as claims "tantamount to" certain federal claims.  The Court also notes the Plaintiffs' contention that upon the filing of their complaint that complete diversity may not exist.

This Court is of the opinion that the issues have not been sufficiently joined to establish jurisdiction before it pursuant to these arguments; the record does not support a finding of a "well-pleaded" complaint filed before removal.  *See Jones v. Belhaven College*, 98 Fed.Appx. 283 (5th Cir.  2004).  The Court is of the opinion that to find otherwise  would be premature and speculative.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the Plaintiffs, Rowella L. Cooper and Asahel Cooper III, to Remand [Doc. No. 2] pursuant to 28 U.S.C. § 1447( c), be and is hereby **GRANTED**.

**SO ORDERED AND ADJUDGED** this the ____17th____ day of January, 2006.


<u>**S/DAN M. RUSSELL, JR.**</u>
**UNITED STATES DISTRICT JUDGE**